# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

AKALA G. GREENWOOD,                          Case No.: 24-01318
                                             Chapter 7
_____Debtor._____/     Honorable Scott W. Dales

THOMAS C. RICHARDSON,
Chapter 7 Trustee,

                    Plaintiff,

v.                                           Adversary Proceeding
                                             No. 24-80063

TRUU COLORS ENTERTAINMENT, LLC,

_____Defendant._____/

## VERIFICATION AND NOTICE OF TRANSMITTAL
## REGARDING REPORT & RECOMMENDATION

**To:   Clerk of the United States District Court**

On January 21, 2025, a Report and Recommendation was issued by The Honorable Scott W. Dales in the above-referenced adversary proceeding.  In accordance with Fed.R.Bankr.P. 9033(a) the Report and Recommendation was served via electronic notification and/or by first-class United States mail, postage prepaid on January 23, 2025.

I have examined the official court record and verify that the objection periods provided for in Fed.R.Bankr.P. 9033(b)(c) have elapsed and no objections, responsive pleadings, or requests to extend the time have been filed.

County of Debtors Residence:     Kalamazoo

Documents Transmitted: Report & Recommendation

                                   Michelle M. Wilson, Clerk
                                   United States Bankruptcy Court

Date Transmitted:  February 7, 2025      /s/ Cherri Pastula_____
                                         Deputy Clerk

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

AKALA G. GREENWOOD,

    Debtor.

Case No. 24-01318-swd
Chapter 7
Hon. Scott W. Dales

_____/

THOMAS C. RICHARDSON,

    Plaintiff,

v.

TRUU COLORS ENTERTAINMENT, LLC,

    Defendant.

Adversary Pro. No. 24-80063

_____/

<u>REPORT AND RECOMMENDATION</u>
(Proposed Findings of Fact and Conclusions of Law)

PRESENT:   HONORABLE SCOTT W. DALES
      Chief United States Bankruptcy Judge

**BACKGROUND**

The chapter 7 trustee, Thomas C. Richardson, Esq. (the "Plaintiff"), initiated this adversary proceeding on October 8, 2024, in connection with the bankruptcy case of Akala G. Greenwood (the "Debtor"). This Report and Recommendation is based upon the Plaintiff's Application for Entry of Default Judgment (the "Motion," ECF No. 6) against defendant Truu Colors Entertainment, LLC (the "Defendant").

In making this Report and Recommendation, the court has reviewed the Plaintiff's Motion and complaint and has carefully considered the limits on the Bankruptcy Court's jurisdiction and authority, as required under 28 U.S.C. § 157(b)(3). The court makes this Report and

Recommendation on its own initiative because a bankruptcy judge may lack authority to enter a final judgment, by default, in a clearly non-core proceeding.

In the present case, the Defendant has not appeared or otherwise participated in the adversary proceeding, so the court cannot conclude that the Defendant voluntarily and knowingly consented to entry of a final judgment by an Article I judge. As a result, the Bankruptcy Court's authority under 28 U.S.C. § 157(c) to enter final judgment in response to the Motion is in doubt. The court recommends that the District Court grant the Plaintiff's Motion and enter the default judgment under Rule 55 (applicable in this adversary proceeding pursuant to Rule 7055)[1] as to the single count complaint. This Report and Recommendation constitutes this Bankruptcy Court's proposed findings of fact and conclusions of law as contemplated in Rule 9033.

## REPORT

1. Plaintiff's Allegations

The following Report and Recommendation is based on the Defendant's failure to deny the Plaintiff's well-pleaded factual allegations. Fed. R. Civ. P. (8)(b)(6) (when a responsive pleading is permitted, failure to deny allegation, other than as to damages, constitutes an admission) (applicable in adversary proceedings under Rule 7008). Plaintiff is the panel trustee serving in the Debtor's chapter 7 case.

The Debtor filed her voluntary petition on May 15, 2024, and Plaintiff was appointed trustee on the same day. Plaintiff, after learning about the Debtor's claim against the Defendant during the meeting of creditors under 11 U.S.C. § 341, filed his complaint on October 8, 2024, seeking to

---

[1] Because most of the Federal Rules of Civil Procedure apply in adversary proceedings (per Part VII of the Federal Rules of Bankruptcy Procedure) the court will refer to any federal rule of procedure in the text of this opinion simply as "Rule __," relying on the numbering conventions within the rulesets to signal the intended rule.

recover the money the Defendant owes the Debtor. A copy of the complaint is attached hereto as Exhibit A.

More specifically, Plaintiff alleges that on or about November 25, 2022, prior to the commencement of the bankruptcy proceeding, the Debtor lent the Defendant $105,000, represented by a promissory note attached to the complaint, and that the present balance due under the loan agreement is $105,000.00. Complaint at ¶¶ 8-9. The promissory note establishes that the debt matured on March 4, 2023. The Plaintiff is not aware of the circumstances surrounding the transaction, but the court does not regard the circumstances as material to the Motion, given the Defendant's failure to answer the complaint.

The Debtor's contract claim memorialized in the promissory note is a property interest that became part of her bankruptcy estate upon the filing of her chapter 7 petition under 11 U.S.C. § 541(a). The Plaintiff, as the representative of that estate, stands in the Debtor's shoes in seeking to collect the debt. 11 U.S.C. § 323. He is performing his statutory duty to "reduce to money the property of the estate." 11 U.S.C. § 704(a)(1).

The proof of service on the docket (attached hereto as Exhibit B) establishes that the Plaintiff caused the summons and complaint to be served upon the Defendant, a corporation, by first class U.S. Mail addressed to the Defendant's registered agent and the Defendant, in conformance with Rule 7004(b)(3). The court has no reason to doubt the accuracy of the Defendant's address reflected in the Plaintiff's proof of service.

Because the Defendant is not a natural person, the Servicemembers Civil Relief Act does not apply. 50 U.S.C. App. §§501-597b. For similar reasons, the provisions of Rule 55 designed to protect infants and incompetents do not apply. Fed. R. Civ. P. 55(b)(1) and (b)(2).

By failing to file an answer to the duly served complaint, the Defendant admits the Plaintiff's allegations under Rule 8(b)(6), establishing the Plaintiff's right to relief. In addition to the amount of his claim, Plaintiff properly seeks the costs of filing the complaint, $350.00.

2. <u>Default Judgment</u>

On November 26, 2024, this court's Clerk issued Entry and Notice of Default (the "Default Notice," ECF No. 4) after the deadline for responding to the complaint passed without any response from the Defendant. Fed. R. Civ. P 55(a). After the Plaintiff filed his Motion under Rule 55(b) (attached hereto as Exhibit C), the court conducted a default hearing in Kalamazoo, Michigan, on January 14, 2025. The Plaintiff attended the hearing and asked for the relief as described in the Motion. The Defendant did not attend the hearing.

This court proposes a Report and Recommendation to the District Court, rather than entering a final judgment in the Bankruptcy Court, because a defaulting defendant has not clearly "consented" to entry of a final judgment by a federal judicial officer appointed only for a term of years, rather than for life. The claim at issue in the complaint is a state law contract claim under a promissory note, in no way dependent on the Bankruptcy Code for its existence. As a result, the adversary proceeding is the paradigmatic non-core proceeding which, in the absence of consent to final judgment by a bankruptcy judge, the District Court should resolve by entering a final order. 28 U.S.C. § 157(c)(1).

In previous decisions involving motions for default judgment on clearly non-core claims, District Judge Paul L. Maloney, District Judge Janet T. Neff, and District Judge Hala Y. Jarbou have concurred in this admittedly cautious approach and adopted this court's recommendation to enter judgments by default in the District Court. *See Richardson v. Strickland* (*In re Johnson-Lipsey)*, 1:21-cv-141 (W.D. Mich. Feb. 18, 2021); *Chernich v. Cayo (In re Kotyuk)*, No. 1:09-cv-

06741, 2011 WL 1596228 (W.D. Mich. Mar. 29, 2011); *Hagan v. Sirbaugh (In re Goodrich)*, 1:08-cv-1235, 2009 WL 331534 (W.D. Mich. Feb. 29, 2009); *Hagan v. Okony (In re Corl)*, 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008).  The court follows this practice today as a prudent response to the uncertainty over its authority.

For convenience, a copy of the adversary proceeding docket is attached hereto as Exhibit D.

## **RECOMMENDATION**

The court recommends that the United States District Court grant the Motion and enter default judgment in favor of the Plaintiff for the full amount of the $105,00.00 the Debtor lent to the Defendant plus $350 in costs.

## **ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk of the United States Bankruptcy Court for the Western District of Michigan shall enter this Report and Recommendation in the docket of the above-captioned adversary proceeding and, after the 14-day objection period has run, shall transmit a copy of the Report and Recommendation (and any objections) to the United States District Court for the Western District of Michigan pursuant to Rule 9033 and W.D. Mich. LGenR 3.1(b).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Report and Recommendation pursuant to Rule 9022 and LBR 5005-4 upon Thomas C. Richardson, Esq., and by first class mail upon the Defendant at the following address:

Truu Colors Entertainment, LLC
6254 Memorial Drive, Suite I-1
Stone Mountain, GA 30083

Truu Colors Entertainment, LLC
c/o Dominick Norwood, Registered Agent
6254 Memorial Drive, Suite I-1
Stone Mountain, GA 30083

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 21, 2025**



Scott W. Dales
United States Bankruptcy Judge

Exhibit A

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
* * * * * * * *

IN RE:

AKALA G. GREENWOOD

       Debtor.

Case No: 24-01318
(Chapter 7 filed 5/15/2024)

HON. SCOTT W. DALES
Bankruptcy Judge

_____/

THOMAS C. RICHARDSON, TRUSTEE,

     Plaintiff,

v

TRUU COLORS ENTERTAINMENT, LLC,

     Defendant.

APN: _____

_____/

## COMPLAINT

Thomas C. Richardson, Trustee (hereinafter "Plaintiff"), by and through his attorneys, LEWIS, REED & ALLEN, P.C., in support of his Complaint against Defendant, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. Thomas C. Richardson is the duly appointed, qualified, and acting Trustee in this Chapter 7 proceeding filed on May 15, 2024.

2. The Defendant, Truu Colors Entertainment, LLC, is a Georgia limited liability company (hereinafter "Defendant.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

4. This is a core proceeding under 28 U.S.C. §157(b)(O).

5. Venue is proper under 28 U.S.C. §1409.

6.      Plaintiff consents to entry of a final Order or Judgment by the Court.

## GENERAL STATEMENT OF FACTS

7.      Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 as though fully set forth herein.

8.      Debtor lent money to Defendant on or about November 25, 2022.  A copy of the loan agreement is attached as an Exhibit and incorporated by reference.

9.      The balance due under the loan agreement is $105,000.00.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in his favor and against the Defendant for the following relief:

A.      Enter judgment against the Defendant in the amount of $105,000.00 plus the filing fee of $350.00 for a total of $105,350.00.

B.      Award all costs and attorney fees.

C.      All other relief this Court deems just, proper, and appropriate.

LEWIS, REED & ALLEN, P.C.

Dated:    10/7/24          By:         /s/

Thomas C. Richardson (P31750)
Attorney for Plaintiff
136 E. Michigan Avenue, Suite 800
Kalamazoo, MI 49007
(269) 388-7600

# EXHIBIT

$70,000

Date: November 25, 2022

For value received, the undersigned Dominick Norwood, Truu Colors Entertainment LLC (the "Borrower"), at 6254 Memorial Drive Suite I, Stone Mountain, Georgia 30083, promises to pay to the order of Akala Greenwood (the "Lender"), the sum of $70,000.00 with a repayment of $105,000.

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 25% annually until paid.

The unpaid principal shall be payable in full on March 04, 2023 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

Page: 1 of 3

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Georgia.

## VIII. SIGNATURES

This Note shall be signed by Dominick Norwood, on behalf of Truu Colors Entertainment LLC and Akala Greenwood.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this _____ day of _____, _____, at _____,

_____ .

Borrower:
Truu Colors Entertainment LLC

By: _____          Date: ___11/25/2022_____

    Dominick Norwood

Lender:
Akala Greenwood

By: _____          Date: ___11/25/2022_____

    Akala Greenwood

Exhibit B

Form summon (07/09)

# United States Bankruptcy Court
## Western District of Michigan
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

| | |
|---|---|
| **IN RE:** Debtor (name used by the debtor in the last 8 years, including married, maiden, trade, and address):<br><br>**Akala G. Greenwood**<br><br>Debtor<br><br>**Thomas C. Richardson**<br><br>Plaintiff<br><br>**Truu Colors Entertainment, LLC**<br><br>Defendant | **Case Number 24−01318−swd**<br><br>**Adv. Pro. No. 24−80063−swd**<br><br>**Chapter 7**<br><br>**Honorable Scott W. Dales** |

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED and** required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court 30 (thirty) days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

Address of Clerk:

Michelle M. Wilson, Clerk of Court
United States Bankruptcy Court
Western District of Michigan
One Division Ave., N.
Room 200
Grand Rapids, MI 49503

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's
Attorney:

Thomas C. Richardson
Lewis Reed & Allen, PC
136 E. Michigan Avenue, Ste 800
PO Box 51067
Kalamazoo, MI 49005−1067

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**Date Issued:   October 9, 2024**

**Clerk of the Bankruptcy Court**
s/ Michelle M. Wilson



**CERTIFICATE OF SERVICE**

I, __Denise A. Spieldenner_____, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made _____October 14, 2024_____ by:

__X__ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

```
Truu Colors Entertainment, LLC        Truu Colors Entertainment, LLC
6254 Memorial Drive, Suite I-1        c/o Dominick Norwood, Registered Agent
Stone Mountain, GA 30083              6254 Memorial Drive, Suite I-1
                                      Stone Mountain, GA 30083
```

____ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

____ Residence Service: By leaving the process with the following adult at:

____ Publication: The defendant was served as follows: [Describe briefly]

____ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

      Under Penalty of perjury, I declare that the foregoing is true and correct.

Date: __October 14, 2024_____      Signature: _Denise A. Spieldenner_

                                 Denise A. Spieldenner

Print Name: __Denise A. Spieldenner_____

Business Address: _136 E. Michigan Ave., Suite 800_____

City: _Kalamazoo_____      State: __MI_____      Zip: _49007_____

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
* * * * * * * *

IN RE:                                           Case No: 24-01318
                                                 (Chapter 7 filed 5/15/2024)
AKALA G. GREENWOOD
                                                 HON. SCOTT W. DALES
              Debtor.                            Bankruptcy Judge
_____/


THOMAS C. RICHARDSON, TRUSTEE,                   APN: 24-80063

       Plaintiff,

v

TRUU COLORS ENTERTAINMENT, LLC,

       Defendant.
_____/


## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

       Thomas C. Richardson, Trustee, pursuant to Fed.R.Bankr.P. 7055(b) applies for entry of

a Default Judgment in this matter.  Plaintiff intends to rely solely upon the pleadings to support

his application.

       WHEREFORE, Thomas C. Richardson, Trustee, requests entry of a Default Judgment in

his favor against the Defendant for the relief requested in the Complaint.

                                                 LEWIS, REED & ALLEN, P.C.


Dated:   11/27/24              By:        /s/
                                          Thomas C. Richardson (P31750)
                                          Attorney for Plaintiff
                                          136 E. Michigan Avenue, Suite 800
                                          Kalamazoo, MI 49007
                                          (269) 388-7600

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
* * * * * * * *

IN RE:                                                              Case No: 24-01318
                                                                     (Chapter 7 filed 5/15/2024)
AKALA G. GREENWOOD
                                                                     HON. SCOTT W. DALES
        Debtor.                                            Bankruptcy Judge
_____/


THOMAS C. RICHARDSON, TRUSTEE,                                       APN: 24-80063

     Plaintiff,

v

TRUU COLORS ENTERTAINMENT, LLC,

     Defendant.
_____/


## ORDER GRANTING APPLICATION FOR
## ENTRY OF DEFAULT JUDGMENT

PRESENT:  HON. SCOTT W. DALES, Bankruptcy Judge

THIS MATTER comes before the Court upon Plaintiff's Application for Entry of Default Judgment.  This Court finds that service has been properly made as appears on the Proofs of Service filed by Plaintiff's counsel; Defendant has failed to answer or otherwise appear in this matter and is not an infant or incompetent person; Notice of Default has been entered and served by the Court on all interested parties; and the Court being otherwise fully advised;

IT IS HEREBY ORDERED that the Application for Entry of Default Judgment is GRANTED and a Judgment by Default for the relief requested shall be entered in favor of Thomas C. Richardson, as Plaintiff and Chapter 7 Trustee, against Defendant, Truu Colors Entertainment, LLC, for the relief requested in the Complaint.

IT IS FURTHER ORDERED that a copy of this Order be served pursuant to this Court's

CM/ECF electronic notification process upon:

> Kerry Hettinger, Debtor's Attorney
> Thomas C. Richardson, Chapter 7 Trustee
> U. S. Trustee's Office

and served pursuant to first-class United States mail upon: _____

> Akala Greenwood, 930 Edison St., Kalamazoo, MI 49004
> Truu Colors Entertainment, LLC, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083
> Truu Colors Entertainment, LLC, c/o Dominick Norwood, Registered Agent, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083

Prepared Order:
Thomas C. Richardson (P31750)
LEWIS, REED & ALLEN, P.C.
136 E. Michigan Avenue, Suite 800
Kalamazoo, MI  49007
(269) 388-7600

**END OF ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
* * * * * * * *

IN RE:

AKALA G. GREENWOOD

             Debtor.

_____/

THOMAS C. RICHARDSON, TRUSTEE,

      Plaintiff,

v

TRUU COLORS ENTERTAINMENT, LLC,

      Defendant.

_____/

Case No: 24-01318
(Chapter 7 filed 5/15/2024)

HON. SCOTT W. DALES
Bankruptcy Judge

APN: 24-80063

## **DEFAULT JUDGMENT**

PRESENT:  HON. SCOTT W. DALES, Bankruptcy Judge

THIS MATTER having come before the Court upon the Trustee's Application For Entry of Default Judgment, and an Order having been entered by this Court granting that Application;

IT IS HEREBY ORDERED that a Judgment by Default is entered in favor of Thomas C. Richardson, Trustee, against Defendant, Truu Colors Entertainment, LLC, for damages in the amount of $105,000.00 plus the filing fee of $350.00 for a total of $105,350.00, with interest at the current Federal interest rate of 4.58% per annum.

IT IS FURTHER ORDERED that a copy of this Order be served pursuant to this Court's CM/ECF electronic notification process upon:

    Kerry Hettinger, Debtor's Attorney
   **\*Thomas C. Richardson, Chapter 7 Trustee
    U. S. Trustee's Office

and served pursuant to first-class United States mail upon: _____

> Akala Greenwood, 930 Edison St., Kalamazoo, MI 49004
> Truu Colors Entertainment, LLC, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083
> Truu Colors Entertainment, LLC, c/o Dominick Norwood, Registered Agent, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083

Prepared Order:
Thomas C. Richardson (P31750)
LEWIS, REED & ALLEN, P.C.
136 E. Michigan Avenue, Suite 800
Kalamazoo, MI  49007
(269) 388-7600

**END OF ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION
* * * * * * * *

IN RE:                                          Case No: 24-01318
                                                (Chapter 7 filed 5/15/2024)
AKALA G. GREENWOOD
                                                HON. SCOTT W. DALES
          Debtor.                     Bankruptcy Judge
_____/


THOMAS C. RICHARDSON, TRUSTEE,                   APN: 24-80063

       Plaintiff,

v

TRUU COLORS ENTERTAINMENT, LLC,

       Defendant.
_____/

### PROOF OF SERVICE

Documents served:

    (1)    Application for Entry of Default Judgment
    (2)    Entry And Notice Of Default
    (3)    Proposed Order Granting Application for Entry of Default Judgment
    (4)    Proposed Default Judgment

Persons served by mail:

    U.S. Trustee, 125 Ottawa NW, Suite 200R, Grand Rapids, MI  49503
    Akala Greenwood, 930 Edison St., Kalamazoo, MI 49004
    Kerry Hettinger, 4341 South Westnedge Ave. Suite 1200, Kalamazoo, MI 49008
    Truu Colors Entertainment, LLC, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083
    Truu Colors Entertainment, LLC, c/o Dominick Norwood, Registered Agent, 6254 Memorial Drive, Suite I-1, Stone Mountain, GA 30083

The undersigned certifies that a copy of the documents listed as served above were served upon the parties listed above at their respective addresses by regular first-class mail, postage prepaid, by placing same in the mail on the date indicated below.

I declare that the statement above is true to the best of my information, knowledge and belief.

Date of Service: _____12/02/24_____    _____/s/_____

Victoria Reed
Legal Assistant to Thomas C. Richardson
Attorney for Trustee
LEWIS, REED & ALLEN, P.C.
136 E. Michigan Avenue, Suite 800
Kalamazoo, MI 49007

Exhibit D                                                                 KZ

# U.S. Bankruptcy Court
## Western District of Michigan (Grand Rapids)
### Adversary Proceeding #: 24-80063-swd

*Assigned to:* Scott W. Dales                          *Date Filed:* 10/08/24
*Lead BK Case:* <u>24-01318</u>
*Lead BK Title:* Akala G. Greenwood
*Lead BK Chapter:* 7
*Demand:* $105000

*Nature[s] of Suit:*  14 Recovery of money/property - other

### *Plaintiff*
----------------------
**Thomas C. Richardson**                    represented by **Thomas C. Richardson**
PO Box 51067                                Lewis Reed & Allen, PC
Kalamazoo, MI 49005-1067                    136 E. Michigan Avenue, Ste 800
                                            PO Box 51067
                                            Kalamazoo, MI 49005-1067
                                            (269) 388-7600
                                            Email: <u>bankruptcy@lewisreedallen.com</u>
                                            *LEAD ATTORNEY*

V.

### *Defendant*
----------------------
**Truu Colors Entertainment, LLC**          represented by **Truu Colors Entertainment, LLC**
6254 Memorial Drive                         PRO SE
Suite I
Stone Mountain, GA 30083
United States

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 10/08/2024 | 🌐1 | Adversary case 24-80063. 14 (Recovery of money/property - other)) : Complaint by Thomas C. Richardson against Truu Colors Entertainment, LLC. Fee Amount of $350 is DEFERRED with Request to Defer by Plaintiff. (Attachments: # 1 Exhibit) (Richardson, Thomas) (Entered: 10/08/2024) |
| 10/09/2024 | 🌐2 | Summons Issued on Truu Colors Entertainment, LLC Date Issued 10/9/2024, Answer Due 11/8/2024 (lmj) (Entered: 10/09/2024) |

| | | |
|---|---|---|
| 10/14/2024 | ◑3 | Summons Service Executed on Truu Colors Entertainment, LLC 10/14/2024 (Richardson, Thomas) (Entered: 10/14/2024) |
| 11/26/2024 | ◑4 | Clerk's Entry and Notice of Default Against Truu Colors Entertainment, LLC (kap) (Entered: 11/26/2024) |
| 11/28/2024 | ◑5 | BNC Certificate of Mailing - Court's Notice and Entry of Default Notice Date 11/28/2024. (Admin.) (Entered: 11/29/2024) |
| 12/02/2024 | ◑6 | Motion for Entry of Default Judgment Filed by Plaintiff Thomas C. Richardson (Attachments: # 1 Proposed Order # 2 Proposed Default Judgment # 3 Certificate of Service (Interested Parties)) (Richardson, Thomas) (Entered: 12/02/2024) |
| 12/03/2024 | ◑7 | Court's Notice of Hearing (RE: related document(s) 6 Plaintiff's Motion for Default Judgment filed by Plaintiff Thomas C. Richardson). Hearing to be held on 1/14/2025 at 11:00 AM Kalamazoo Courthouse. Notice returned to Thomas C. Richardson, Esq. for service upon appropriate parties. (tas) (Entered: 12/03/2024) |
| 12/04/2024 | ◑8 | Certificate of Service (RE: related document(s)6 Motion for Entry of Default Judgment , 7 Hearing Set (Court's Notice of Hearing)). Filed by Plaintiff Thomas C. Richardson (Richardson, Thomas) (Entered: 12/04/2024) |
| 01/14/2025 | ◑ | Hearing Held. (RE: related document(s) 6 Plaintiff's Motion for Default Judgment) Court to prepare Report and Recommendation. (ADI) (Entered: 01/15/2025) |