UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

AKALA G. GREENWOOD,

      Debtor.

BANKRUPTCY CASE NO. 24-01318

_____/

THOMAS C. RICHARDSON,

      Plaintiff,

v.

TRUU COLORS ENTERTAINMENT, LLC,

      Defendant.

ADVERSARY PROCEEDING NO. 24-80042

DISTRICT COURT CASE NO. 1:25-cv-143

HON. ROBERT J. JONKER

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

      This case comes before the Court on the Report and Recommendation from the Bankruptcy Court for the Western District of Michigan (ECF No. 1-1).  Plaintiff, Thomas C. Richardson, the Chapter 7 Trustee in this matter, filed a Complaint under the Bankruptcy Code seeking to recover approximately $105,000 the Debtor lent to Defendant.  Defendant failed to answer the complaint, and Plaintiff subsequently filed a motion for entry of a default judgment against Defendant.  (*Id.*). The Bankruptcy Court held a hearing on January 14, 2025, to address Plaintiff's motion, but Defendant did not appear.  (*Id.*).  The Bankruptcy Court's Report and Recommendation followed. (*Id.*).

      In its Report and Recommendation, the Bankruptcy Court concluded that default judgment was appropriate.  Relying on the Supreme Court's decision in *Stern v. Marshall*, 554 U.S. 462 (2011), however, the Bankruptcy Court concluded it lacked the constitutional authority to enter a

final judgment in this matter and therefore submitted its Report and Recommendation to this Court for the entry of judgment.

After reviewing the Bankruptcy Court's Report and Recommendation and the record below, the Court grants Plaintiff's motion for default and enters default judgment in favor of the Plaintiff for the full amount of the $105,000.00 the Debtor lent to the Defendant plus $350 in costs as recommended by the Bankruptcy Court.  While the Court acknowledges the uncertainty *Stern* created regarding the constitutional authority of bankruptcy courts to enter final judgment in certain proceedings, the Court does not believe *Stern* affects the Bankruptcy Court's authority to enter a default judgment in this action.  However, it is undisputed the Court has jurisdiction to enter judgment in this matter, and the Bankruptcy Court's reference of the matter to the Court does not constitute reversible error.  *Cf. In re Burkman Supply, Inc.*, 217 B.R. 223, 223 (W.D. Mich. 1998) ("[T]he fact that the bankruptcy judge in this matter took the additional step and submitted this matter to the Court by way of a report and recommendation does not constitute reversible error.").  Therefore, in order to resolve this matter an expeditious, efficient, and cost-effective manner, the Court adopts the Bankruptcy Court's recommendation to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**  A separate Judgment shall enter.


Dated:   February 10, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

2